Certiorari was allowed to review an order made by the Civil Service Commission of the State of New Jersey, on or about May 4, 1948, ordering that respondent Edwin J. Burns be restored to the position of Identification Officer at the State Prison in Trenton, New Jersey, and that appellant William L. Aronson be removed therefrom.
Plaintiff-appellant was employed as a Clerk-Stenographer in the New Jersey State Prison in February, 1928, and worked in the office of the Identification Officer; in 1931, he took a competitive examination for Identification Officer and was duly certified by the Civil Service Commission; in 1941, one Joseph H. Hand, holding the position as Identification Officer died; in August, 1941, respondent Burns was transferred from the State Police Department to the Identification Bureau at the State Prison, in charge thereof; on July 20, 1942, appellant Aronson was inducted into the United States Army; in September, 1942, an examination was held for the position, and, as a result of such examination, Burns was appointed to the position and performed the duties thereof; on the return of appellant from Military service in 1945, he protested to the Civil Service Commission that his rights as a veteran had been violated and that he was entitled to take an examination for the position, whereupon the Commission ordered an examination for the position be held on October 1, 1945; both Aronson and Burns objected to the holding of such examination, and sought a hearing on the question of their respective rights; such hearing was held, and it was suggested that a new position of Assistant Identification Officer be created and that Aronson be assigned thereto. There is dispute as to whether Aronson suggested such procedure or whether it resulted from *Page 182 
a suggestion of an Examiner of the Civil Service Commission. In any event the minutes of the Commission under date of January 25, 1945, record the following:
"Voted, that the position filled by Mr. Burns be reclassified as Identification Officer with a salary range of $3360-$3960, and that filled by Mr. Aronson as Assistant Identification Officer with a salary range of $3000-$3600, both effective January 1, 1946." Subsequently, the Legislature having made no appropriation for the position as Assistant Identification Officer for 1947-1948, the office was declared abolished, and Burns was removed and Aronson was put in the position. The Commission on May 4, 1948, on application of Burns, restored Burns to the position and placed Aronson on the "re-employment list to remain thereon until a vacancy occurs in the State Prison or elsewhere in the State service." The Commission held that, inasmuch as two positions had been created and Aronson occupied the one that was abolished, he was not entitled to be promoted, and Burns deposed, but that Burns was entitled to remain in the place.
Aronson bases his right upon his status as a veteran.
We conclude, however, that his rights must be determined upon the status of the parties by reason of their conduct in accepting and occupying the respective positions without objection. His conduct was clearly an unequivocal, intentional relinquishment of a claimed right to the existing position. Until the position was abolished by failure of appropriation therefor, appellant continued to occupy the position for approximately eighteen months and thereby waived his right to the other position and is now estopped from claiming right thereto.
The judgment of the Civil Service Commission restoring Burns to the position of Identification Officer is accordingly affirmed. *Page 183